IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

KENNETH WILLIAMS,

  Plaintiff,

v.             Case No.: GJH-18-3073

LAUREN GODWIN, *et al.*,

  Defendants.

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

On October 5, 2018, Plaintiff Kenneth Williams, proceeding *pro se*, filed this action against Defendant Lauren Godwin, Commissioner of the Maryland Workers' Compensation Commission ("MWCC"), alleging violations of the Due Process Clause relating to his claim for benefits before the Commission. ECF No. 1. The Court denied a motion to appoint counsel on October 17, 2018, ECF No. 6, and a motion for reconsideration, ECF No. 16. Defendant filed a Motion to Dismiss, ECF No. 11, and the Court granted Plaintiff's Motion for an Extension of Time until May 22, 2019, ECF No. 16. Plaintiff still has not responded to Defendant's Motion to Dismiss. No hearing is necessary. See Loc. Rule 105.6. For the following reasons, Defendant's Motion to Dismiss shall be granted.

### I. BACKGROUND[1]

On September 4, 2018, the MWCC held a hearing to consider Plaintiff's request for additional temporary total disability benefits and an evaluation for surgery relating to an injury

---

[1] For the purposes of this Motion, the Court accepts the well-pleaded allegations in Plaintiff's Complaint as true.

1

suffered while on the job years prior. *See* ECF No. 11-3. Defendant Godwin presided over the hearing. *Id.* at 1.[2] At that hearing, Plaintiff explained that he had seen a doctor who recommended surgery to fix the pain in his wrist. *Id.* But that opinion was not issued pursuant to an Insurance Medical Exam ("IME"), so Defendant Godwin held her decision on the surgery until after the IME was completed two days later. *Id.* at 11. On October 4, 2018, after receiving the IME report, Defendant Godwin denied authorization for the surgery without holding a second hearing. ECF No. 11-2. On November 1, 2018, Plaintiff filed a petition for judicial review of that decision in the Circuit Court for Montgomery County. ECF No. 11-4. Plaintiff also seeks review in this Court, claiming that Defendant Godwin's failure to hold a second hearing violated his due process rights.

## II.  STANDARD OF REVIEW

On a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), the Court "must accept the factual allegations of the complaint as true and construe them in the light most favorable to the nonmoving party." *Rockville Cars, LLC v. City of Rockville, Md.*, 891 F.3d 141, 145 (4th Cir. 2018). To overcome a 12(b)(6) motion, the "complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plaintiffs must "provide sufficient detail" to show "a more-than-conceivable chance of success on the merits." *Upstate Forever v. Kinder Morgan Energy Partners*, 887 F.3d 637, 645 (4th Cir. 2018) (citing *Owens v. Balt. City State's Attorneys Ofice*, 767 F.3d 379, 396 (4th Cir. 2014)). The mere recitation of "elements of a cause of action, supported only by conclusory statements, is not sufficient to survive a motion made pursuant to Rule 12(b)(6)." *Walters v.*

---

[2] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

*McMahen*, 684 F.3d 435, 439 (4th Cir. 2012). Nor must the Court accept unsupported legal allegations. *Revene v. Charles Cnty. Commis.*, 882 F.2d 870, 873 (4th Cir. 1989). A plausibility determination is a "context-specific inquiry" that relies on the court's "experience and common sense." *Iqbal*, 556 U.S. at 679-80. A *pro se* plaintiff is held to a "less stringent" standard than a lawyer, and the Court must liberally construe a *pro se* plaintiff's pleadings. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). But these principles are not without limits, and courts cannot "conjure up questions never squarely presented to them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). Finally, a court "may consider official public records, documents central to plaintiff's claim, and documents sufficiently referred to in the complaint so long as the authenticity of these documents is not disputed." *Witthohn v. Fed. Ins. Co.*, 164 F. App'x 395, 396 (4th Cir. 2006).

### III. DISCUSSION

Plaintiff's claim is most reasonably read as alleging a violation of his procedural due process rights. To establish a procedural due process violation, Plaintiff must show that "(1) [he] had property or a property interest (2) of which the defendant deprived [him] (3) without due process of law." *Sunrise Corp. of Myrtle Beach v. City of Myrtle Beach*, 420 F.3d 322, 328 (4th Cir. 2005). Plaintiff has not sufficiently pled that he was deprived of due process.

Maryland's Workers' Compensation Act guarantees a procedure by which claims must be adjudicated. *See* Md. Code Ann. Lab. & Empl. § 9-701. That procedure appears to have been followed here. A review of the transcript reveals that Plaintiff and his counsel attended a hearing before the MWCC; both Plaintiff and his counsel were given the opportunity to speak at this hearing, and their concerns were carefully considered by Commissioner Godwin. Plaintiff appears to take issue with the fact that he was not afforded a second hearing after having his IME. But Plaintiff does not identify, and the Court is unaware of, any Maryland law or

3

regulation requiring a hearing under those circumstances. Therefore, the Constitution cannot be said to require a second hearing.

Nonetheless, the Act also guarantees the availability of judicial review in Maryland state court—a procedure upon which Plaintiff has already relied. *Id.* § 9-737; *see also* Md. R. 7-206.1 (establishing rules for judicial review of a decision of the MWCC). If Plaintiff believes the MWCC has violated Maryland law, that proceeding is the proper forum in which to raise those concerns.

## IV. CONCLUSION

Defendants' Motion to Dismiss, ECF No. 11, is granted. A separate Order shall issue.

Dated: August 2, 2019

GEORGE J. HAZEL
United States District Judge